IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
BRIAN M & JANELLE R PAVEY,        )
                                  )   2:11-cv-01477-GEB-DAD
              Plaintiffs,         )
                                  )
       v.                         )   ORDER
                                  )
RECONTRUST COMPANY, N.A., and     )
Does 1 through 10,                )
                                  )
              Defendants.         )
_____ )
```

      Pro se Plaintiffs filed a petition for a Temporary Restraining Order ("TRO") on June 1, 2011, in which they seek to enjoin Defendant from foreclosing on real property they own. Plaintiffs request that the TRO issue "without notice to defendant[, arguing they] will suffer immediate and irreparable injury, loss, or damage if the [TRO] is not granted before defendant can be heard[.]" (Pet. for Temporary Inj. 9:9-11.) However, "[t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if . . . specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]" Fed. R. Civ. P. 65(b)(1)(A).

      Plaintiffs have filed a verified TRO petition and complaint, which are devoid of facts justifying issuance of an unnoticed TRO, and only contain conclusory averments that are insufficient to satisfy the

1  applicable injunction standard. See <u>Alliance for the Wild Rockies v.
2  Cottrell</u>, 632 F.3d 1127, 1131 (9th Cir. 2011) (stating that an
3  injunction is an "extraordinary remedy" and to obtain an injunction, the
4  movants must establish a likelihood of success on the merits, that they
5  are likely to suffer irreparable harm in the absence of injunctive
6  relief, that the balance of equities tips in their favor, and in certain
7  instances that an injunction is in the public interest). Therefore,
8  Plaintiffs' request for a TRO is denied.

Dated:  June 2, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge