**BRYAN CAVE LLP**
Andrea M. Hicks, California Bar No. 219836
Michael J. Peng, Californai Bar No. 260852
2 Embarcadero Center, Suite 1410
San Francisco, CA 94111
Telephone:      (415) 675-3400
Facsimile:      (415) 675-3434
Email:          hicksa@bryancave.com
                pengm@bryancave.com

**BRYAN CAVE LLP**
Robert E. Boone III, California Bar No. 132780
120 Broadway, Suite 300
Santa Monica, CA 90401-2386
Telephone:  310-576-2100
Facsimile:  310-576-2200
Email:      reboone@bryancave.com

Attorneys for Defendant
RECONTRUST COMPANY, N.A.

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN M & JANELLE R PAVEY, | Case No. 2:11-cv-1477-GEB-DAD-PS |
| Plaintiffs, | **NOTICE OF MOTION AND MOTION OF DEFENDANT RECONTRUST COMPANY, N.A.'S TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| vs. | |
| RECONTRUST COMPANY, N.A., and Does 1 through 10, | |
| Defendant. | [Filed concurrently with Request for Judicial Notice, Motion to Strike, and Proposed Orders] |
| | Hon. Dale A. Drozd |
| | Date:        August 26, 2011 |
| | Time:        10:00 a.m. |
| | Courtroom:  27, 8th Floor |
| | Complaint Filed: June 1, 2011 |
| | Trial Date:   Not Assigned |

1   **TO PLAINTIFFS BRIAN M. & JANELLE R. PAVEY, IN PRO PER, AND THE**

2   **CLERK OF THE ABOVE-ENTITLED COURT:**

3       **PLEASE TAKE NOTICE** that the Motion to Dismiss of Defendant RECONTRUST

4   COMPANY, N.A., ("Defendant") to the Complaint of Plaintiffs Brian M. and Janelle R. Pavey

5   ("Plaintiffs") will be heard on Friday, August 26, 2011, at 10:00 a.m., or as soon thereafter as this

6   matter may be heard, before the Honorable Dale A. Drozd of the United States District Court for

7   the Eastern District of California, located at 501 I Street, Sacramento, California, 95814, in

8   Courtroom 27.

9       This Motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6) on the

10  grounds that Plaintiff's Complaint does not state facts sufficient to constitute a cause of action.

11      The Motion is based on this Notice, the attached Memorandum of Points and Authorities,

12  the concurrently filed Request for Judicial Notice, the files and records herein, and such further

13  evidence as may be received by the Court.

14

15  Dated:  July 15, 2011                    **BRYAN CAVE LLP**

16

17                                           By:   /s/ Michael J. Peng

18                                                 Michael J. Peng
                                             Attorneys for Defendant
19                                           RECONTRUST COMPANY, N.A.

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................1

II.   STATEMENT OF FACTS. ...............................................................1

III.  LEGAL STANDARD .........................................................................2

IV.  LEGAL ARGUMENT.........................................................................4

    A.    Plaintiffs Have Not Properly Commenced an Action Against Recontrust Company, N.A. .......................................................................4

    B.    Plaintiffs' Complaint Fails Because They Have Not Alleged Tender....................5

    C.    Plaintiffs  Fail To State A Cause of Action For Breach Of Fiduciary Duty Because They Fail to Allege a Duty or a Breach of Duty. ........................6

        1.    Plaintiffs' Breach of Fiduciary Duty Claim is Time-Barred ......................7

        2.    Plaintiffs Cannot State a Cause of Action for Breach of Fiduciary Duty Because They Were Owed No Duty....................................7

        3.    Plaintiffs Fail to Allege the Elements of A Fiduciary Relationship ...........8

        4.    Even If a Duty Existed, Defendant Did Not Breach That Duty .................8

    D.    Plaintiffs' Causes of Action for Fraud and Civil Conspiracy Fail Because They Are Time-Barred and Insufficiently Pled ........................9

        1.    Plaintiffs' Fraud Claims Are Time-Barred. ..................................9

        2.    Plaintiffs Do Not Allege Fraud With Sufficient Particularity. ..................9

    E.    Plaintiffs Have Failed To State A Claim For Conversion. ...................10

    F.    Plaintiffs' Cause of Action For Promissory Estoppel Should Be Dismissed As Plaintiffs Have Not Alleged Any Fraud.....................11

    G.    Plaintiffs Fail To State A Claim For Negligence/Negligence Per Se...................11

        1.    Plaintiffs' Claim For Negligence/Negligence Per Se is Time-Barred.......11

        2.    Defendant Did Not Owe Or Breach A Duty To Plaintiffs........................12

        3.    Negligence Per Se Is Not A Cognizable Claim .........................................14

    H.    Plaintiffs Have Failed To State A Claim For Unjust Enrichment. .......................14

    I.    Plaintiffs' Complaint Fails To State A Claim For Breach Of The Implied Covenant of Good Faith And Fair Dealing.....................15

    J.    Plaintiffs' Cause of Action for Violation of the Fair Credit Reporting Act Fails.........................16

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

K.      Plaintiffs Fail To State A Cause Of Action On Their Claim For Intentional
Infliction Of Emotional Distress............................................................................17

V.      MOTION FOR A MORE DEFINITE STATEMENT. ......................................................18

VI.     CONCLUSION............................................................................................................19

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

1

# <u>TABLE OF AUTHORITIES</u>

2

**<u>Page</u>**

3

<u>Cases</u>

4

*Abdallah v. United Savs. Bank*,
   43 Cal. App. 4th 1101 (1996) ............................................................................................5

5

*Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*,
   988 F. 2d 1157 (Fed. Cir. 1993) ......................................................................................2

6

*Alicea v. GE Money Bank*,
   No. C 09-00091 SBA, 2009 U.S. Dist. LEXIS 60813 (Jul. 16, 2009) ..........................5

7

*Arnolds Management Corp.*,
   158 Cal. App. 3d 575 ..................................................................................................5, 6

8

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937 (2009) ...................................................................................................3

9

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ........................................................................................................3

10

*Bradley v. Paypal, Inc.*,
   No. C-08-03924, 2009 WL 1035245 (N.D. Cal. Apr. 17, 2009)...................................17

11

*Branch v. Tunnell*,
   14 F.3d 449 (9th Cir. 1994) ...........................................................................................3

12

*Cal. Serv. Station & Auto Repair Ass'n v. Am. Home Assur. Co.*,
   62 Cal. App 4th 1166 (1998) .......................................................................................14

13

*Carma Developers, Inc. v. Marathon Dev. Co., Inc.*,
   2 Cal. 4th 342 (1992) ...................................................................................................16

14

*Cisneros v. Instant Capital Funding Group, Inc.*,
   2009 U.S. Dist. LEXIS 91999 (E.D. Cal. Sept. 18, 2009) ..........................................13

15

*Clegg v. Cult Awareness Network*,
   18 F.3d 752 (9th Cir. 1994) ...........................................................................................3

16

*Comm. on Children's Television, Inc. v. Gen. Foods Corp.*,
   35 Cal. 3d 197 (1983) .....................................................................................................8

17

*Coyotzi v. Countrywide Financial Corp.*,
   No. CV F 09-1036 LJO SMS, 2009 WL 2985497 (E.D. Cal. Sept. 16, 2009) ...........11

18

*David Welch Co. v. Erskine & Tulley*,
   203 Cal. App. 3d 884 (1988) ..........................................................................................7

19

*Davidson v. City of Westminster*,
   32 Cal. 3d 197 (1982) ...................................................................................................18

20

*De La Torre v. Icenhower*,
   2009 WL 3614563 (S.D. Cal. Oct. 28, 2009) ..............................................................12

21

*De Vries v. Brumback*,
   53 Cal. 2d 643 (1960) ...................................................................................................10

22

*Edwards v. Marin Park, Inc.*,
   356 F.3d 1058 (9th Cir. 2004) ........................................................................................3

23

*Galbraith v. County of Santa Clara*,
   307 F.3d 1119 (9th Cir. 2002) ........................................................................................3

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

*Hallas v. Ameriquest Mortg. Co.*,
  406 F. Supp. 2d 1176 (D. Or. 2005) ............................................................... 13

*Howard v. Koch*,
  575 F. Supp. 1299 (E.D. N.Y. 1982) ................................................................. 4

*Ileto v. Glock, Inc.*,
  349 F.3d 1191 (9th Cir., 2003) ........................................................................ 3

*In Perati v. Atkinson*,
  213 Cal. App. 2d 472 (1963) ........................................................................... 18

*Isaacson v. California Ins. Guarantee Assn.*,
  44 Cal. 3d 775 (1988) ..................................................................................... 18

*ITI Internet Services, Inc. v. Solana Capital Partners, Inc.*,
  2006 WL 1789029 (W.D. Wash. 2006) .............................................................. 4

*Karlsen v. American Sav. & Loan Ass'n*,
  15 Cal. App. 3d 112 (1971) .............................................................................. 5

*Kemezis v. Matthew*,
  No. Civ.A. 07-5086, 2008 WL 2468377 (E.D. Pa. June 16, 2008) ...................... 13

*Kim v. Sumitomo Bank*,
  17 Cal. App. 4th 974 (1993) ............................................................................. 9

*King v. State of California*,
  784 F. 2d 910 (9th Cir. 1986) ...................................................................... 2, 13

*Kruse v. Bank of Am.*,
  202 Cal. App. 3d 38 (1988) .............................................................................. 9

*Kruse v. Bank of Am.*,
  202 Cal. App. 3d 38 (1988) .............................................................................. 8

*Marks v. Ocwen Loan Servicing*,
  No. C 07-2133, 2009 WL 975792 (N.D. Cal. Apr. 10, 2009) ............................ 17

*Mat-Van, Inc. v. Sheldon Good & Co. Auctions, LLC*,
  No. 07-912, 2007 WL 3047093 (S.D. Cal. Oct. 16, 2007) ................................ 10

*McClain v. Octagon Plaza, LLC*,
  159 Cal. App. 4th 784 (2008) .......................................................................... 16

*McGlinchy v. Shell Chem. Co.*,
  845 F.2d 802 (9th Cir. 1988) ............................................................................ 3

*Melchoir v. New Line Prods., Inc.*,
  106 Cal. App. 4th 779 (2003) ..................................................................... 14, 15

*Meyer v. Ameriquest Mortg. Co.*,
  342 F.3d 899 (9th Cir. 2003) ........................................................................... 13

*MGIC Indem. Corp. v. Weisman*,
  803 F.2d 500 (9th Cir. 1986) ............................................................................ 3

*Michelson v. Hamada*,
  29 Cal. App. 4th 1566 (1994) .......................................................................... 11

*Miguel v. Country Funding Corp.*,
  309 F.3d 1161 (9th Cir. 2002), *cert. denied*, 539 U.S. 927, 123 S. Ct. 2577 (2003) ................ 13

*Moore v. Kayport Package Express, Inc.*,
  885 F. 2d 531 (9th Cir. 1989) ........................................................................... 9

*Navarro v. Block*,
  250 F. 3d 729 (9th Cir. 2001) .................................................................................. 2

*Neitzke v. Williams*,
  490 U.S. 319 (1989) ............................................................................................... 2

*Neubronner v. Milken*,
  6 F.3d 666 (9th Cir. 1993) ..................................................................................... 9

*Nymark v. Heart Fed. Sav. & Loan Ass'n*,
  231 Cal. App. 3d 1089 (1991) ................................................................. 8, 9, 12, 15

*Otworth v. S. Pac. Transp. Co.*,
  166 Cal. App. 3d 452 (1985) ................................................................................ 16

*Persson v. Smart Inventions, Inc.*,
  125 Cal. App. 4th 1141 (2005) ............................................................................... 8

*Peter W. v. San Francisco Unified School Dist.*,
  60 Cal. App. 3d 814 (1976) ................................................................................. 12

*Pierce v. Lyman*,
  1 Cal. App. 4th 1093 (1991) ................................................................................... 6

*Quelimane Co. v. Stewart Title Guaranty Co.*,
  19 Cal. 4th 26 (1998) .......................................................................................... 12

*Quiroz v. Seventh Ave. Center*,
  140 Cal. App. 4th 1256 (2206) ............................................................................ 14

*Racine & Laramie Ltd. v. Dept. of Parks & Recreation*,
  11 Cal. App. 4th 1026 (1992) .............................................................................. 16

*Roberts v. Lomanto*,
  112 Cal. App. 4th 1553 (2004) .............................................................................. 6

*Robertson v. Dean Witter Reynolds, Inc.*,
  749 F.2d 530 (9th Cir. 1984) ................................................................................. 2

*Ross v. Creel Printing & Publ'g Co.*,
  100 Cal. App. 4th 736 (2002) .............................................................................. 17

*Shahood v. Cavin*,
  154 Cal. App. 2d 745 (1957) ............................................................................... 11

*Shwarz v. U.S.*,
  234 F.3d 428 (9th Cir. 2000) ................................................................................. 3

*Smith v. City and County of San Francisco*,
  225 Cal. App. 3d 38 (1990) ................................................................................. 11

*Snow v. First Am. Title Ins. Comp.*,
  332 F.3d 356 (2003) ............................................................................................ 14

*Southern Counties Thrift Co. v. Reardon*,
  47 Cal. App. 2d 770 (1941) ................................................................................. 12

*Swartz v. KPMG*,
  476 F.3d 756 (9th Cir. 2007) ................................................................................. 4

*Tarmann v. State Farm Mut. Auto Ins. Co.*,
  2 Cal. App. 4th 152 (1991) ................................................................................. 10

*Thompson v. County of Alameda*,
  27 Cal. 3d 741 (1980) ......................................................................................... 12

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

*Trerice v. Blue Cross of Cal.*,
  209 Cal. App. 3d 878 (1989) ................................................................. 17, 18

*Truong v. Nguyen*,
  156 Cal. App. 4th 865 (2007) .......................................................................... 12

*U.S. v. Ritchie*,
  342 F.3d 903 (9th Cir. 2003) ............................................................................. 3

*United States Cold Storage of California v. Great W. Savings & Loan Ass'n*,
  165 Cal. App. 3d 1214 (Cal. Ct. App. 1985) ..................................................... 5

*Valenzuela v. America Home Mortg. Inv. Trust 2005-2*,
  No. CV-F-08-1179 OWW/SMS, 2009 U.S. Dist. LEXIS 311111 (E.D. Ca. Mar. 30,
  2009) ................................................................................................................ 15

*Vess v. Ciba-Geigy Corp. USA*,
  317 F. 3d 1097 (9th Cir. 2003) .................................................................... 9, 10

*Wagner v. Benson*,
  101 Cal. App. 3d 27 (1980) ............................................................................. 12

*Watts v. Decision One Mortg. Co.*,
  2009 WL 2044595 (S.D. Cal. July 13, 2009) .............................................. 13, 14

*Williams v. Saxon Mortg. Servs., Inc.*,
  2007 WL 3124470 (S.D. Ala. Oct. 27, 2007) .................................................. 14

*Wolf v. Superior Court*,
  107 Cal. App. 4th 25 (2003) .............................................................................. 7

*Wolf v. Walt Disney Pictures and Television*,
  162 Cal. App. 4th 1107 (2008) ........................................................................ 16

*Wong v. Am. Servicing Co., Inc.*,
  2009 WL 5113516 (E.D. Cal. 2009) ................................................................ 13

**Statutes**

12 U.S.C. § 2605 .................................................................................................. 13

12 U.S.C. § 2605(e) ............................................................................................. 14

12 U.S.C. § 2607 .................................................................................................. 13

12 U.S.C. § 2614 .................................................................................................. 13

15 U.S.C. § 1635(f) .............................................................................................. 13

15 U.S.C. § 1640(e) ............................................................................................. 13

15 U.S.C. § 1641(f)(1) ......................................................................................... 14

15 U.S.C. § 1681 .................................................................................................. 16

Cal. Civ. Code § 2924 .......................................................................................... 16

Cal. Civ. Proc. Code § 338(d) ............................................................................... 9

Cal. Civ. Proc. Code § 339 .................................................................................. 11

Cal. Civ. Proc. Code § 343 .................................................................................... 7

**Other Authorities**

1 B.E. Witkin, *Summary of California Law*, Contracts § 798 (10th ed.) ......................... 15

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

**Rules**

Fed. R. Civ. P. 10(b) .................................................................................. 4

Fed. R. Civ. P. 12(b)(6) .............................................................................. 2

Fed. R. CIv. P. 12(e) ................................................................................. 18

Fed. R. Civ. P. 8 ........................................................................................ 4

Fed. R. Civ. P. 8(a)(2) ............................................................................... 4

Fed. R. Civ. P. 8(e)(1) ............................................................................... 4

Fed. R. Civ. P. 9(b) ............................................................................. 3, 4, 9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This case involves a dispute over a residential loan and trust deed.  Plaintiffs Brian Pavey and Janelle Pavey's ("Plaintiffs") Complaint, which is copied from the internet, does not allege any facts specific to Plaintiffs' claims and makes conclusory allegations that Defendant Recontrust Company, N.A. ("Defendant" or "Recontrust") engaged in "criminal and tortuous acts" while acting in "concert and collusion" with other "numerous actors."   Against Recontrust, Plaintiffs have alleged the following ten causes of action:  (1) breach of fiduciary duty, (2) fraud, (3) conversion, (4) equitable estoppel, (5) negligence/negligence per se, (6) unjust enrichment, (7) breach of the implied covenant of good faith and fair dealing, (8) violation of the Fair Credit Reporting Act, (9) intentional infliction of emotional distress, and (10) civil conspiracy.

Plaintiffs' Complaint is devoid of any facts showing wrongdoing in Plaintiffs' loan transaction or the foreclosure process.  Instead, Plaintiff's Complaint is merely a broad indictment of the mortgage industry in general and does not allege facts sufficient to support Plaintiffs' causes of action.

Accordingly, Defendant Recontrust requests that the Court dismiss Plaintiffs' Complaint for the following reasons:

> i)      Plaintiffs' claims for breach of fiduciary duty, fraud/conspiracy, and negligence are all time-barred;

> ii)     Plaintiffs lack standing to bring their claims because they have failed to allege tender; and

> iii)    Plaintiffs do not allege facts sufficient to state a claim upon which relief may be granted.

## II.   STATEMENT OF FACTS.

Plaintiffs' Complaint contains virtually no specific facts to support their Complaint, other than:

> 1.      "The property in question is the Plaintiff's [*sic*] principle residence, located at 103 McCormick Court, Folsom, California 95630."  *See* Compl., 14:6-8.

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

2.      Plaintiffs closed on the contract for the property at-issue on May 27, 2005.  *Id.* at 15:1-3, 27:27.

3.      Plaintiffs were charged various fees at closing.  *Id.*, 15:1-13, 25:3-13.

Plaintiffs do not allege any other facts in support of their claims against Defendant.

The loan documents show that, on May 23, 2005, Plaintiffs borrowed funds to purchase a home in Folsom, CA.  In connection with that loan, Plaintiffs executed a promissory note and deed of trust.  *See* Request for Judicial Notice, ("RJN") Exhibit A.  On February 15, 2011, a Notice of Default was recorded by Defendant with the Sacramento County Recorder's office.  *See* RJN Exh. B.  On February 17, 2011, Defendant was substituted as Trustee under the Deed of Trust.  *See* RJN, Exh. C.  On May 17, 2011, a Notice of Trustee's Sale was recorded.  *See* RJN, Exh. D.

Plaintiffs served their Complaint on June 3, 2011 – over six years after the loan transaction at issue in this matter.  The Complaint appears to have been copied from a website and has been used, almost verbatim, by other *pro se* litigants.  *See* RJN, Exhs. E, F and G.   The allegations in the Complaint show no factual relationship to the loan transaction that is at issue here.

### III.    <u>LEGAL STANDARD</u>

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint.  *Navarro v. Block*, 250 F. 3d 729, 732 (9th Cir. 2001).  Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory, or where it presents a cognizable legal theory yet fails to plead essential facts to support that theory.  *Neitzke v. Williams,* 490 U.S. 319, 326 (1989); *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533-34 (9th Cir. 1984).  Time barred claims and remedies are also properly disposed of on a motion to dismiss.  See *King v. State of California*, 784 F. 2d 910, 913-15 (9th Cir. 1986).  The purpose of a 12(b)(6) motion to dismiss is "to allow the court to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus spare litigants the burdens of unnecessary pretrial and trial activity."  *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.,* 988 F. 2d 1157, 1160 (Fed. Cir. 1993).

While all material allegations must be taken as true, "conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim."  *McGlinchy v. Shell*

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

1   *Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988); *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir.,

2   2003).  Indeed, the Supreme Court recently confirmed the requirements that pleadings must

3   contain more than labels and unsupported conclusions, and emphasized that conclusory allegations

4   are not entitled to be assumed true.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009), citing

5   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A court is not required to "accept legal

6   conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn

7   from the facts alleged." *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-55 (9th Cir. 1994).

8          In evaluating a motion to dismiss, the court must construe plaintiff's complaint in the light

9   most favorable to the plaintiff and accept all well-pleaded allegations as true.  *Shwarz v. U.S.,*

10   234 F.3d 428, 435 (9th Cir. 2000).  The court need not accept as true, however, allegations that

11   contradict facts that may be judicially noticed.  *Id.*  When a plaintiff fails to introduce a pertinent

12   document as part of her pleading, the defendant may do so as part of its motion to dismiss.

13   *Branch v. Tunnell,* 14 F.3d 449, 453-54 (9th Cir. 1994), *overruled on other grounds, Galbraith v.*

14   *County of Santa Clara,* 307 F.3d 1119 (9th Cir. 2002) .  Such documents are not considered to be

15   outside the pleadings.  *Id.; U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)  This Court also may

16   take judicial notice of documents that are matters of public record without converting a motion to

17   dismiss into a motion for summary judgment.  *See MGIC Indem. Corp. v. Weisman*, 803 F.2d 500,

18   504 (9th Cir. 1986)  Here, Defendant requests the Court to take judicial notice of several

19   documents referred to in Plaintiffs' Complaint, as well as documents of public record.  (*See*

20   Defendant's RJN.)

21          Moreover, allegations of fraud are subject to a heightened pleading standard under Rule

22   9(b), which requires that "in all averments of fraud or mistake, the circumstances constituting

23   fraud or mistake shall be stated with particularity."  Fed. R. Civ. Proc. 9(b).  When pleading a

24   fraud claim, a complaint must, at a minimum, "state the time, place, and specific content of the

25   false representations as well as the identities of the parties to the misrepresentation." *Edwards v.*

26   *Marin Park, Inc*., 356 F.3d 1058, 1066 (9th Cir. 2004) (internal citations omitted).  In addition,

27   "[s]uch allegations must define the specific involvement of the individual defendants." *ITI*

28   *Internet Services, Inc. v. Solana Capital Partners, Inc.,* 2006 WL 1789029 *1, *8 (W.D. Wash.

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

2006) (citation omitted).  Where, as here, the Complaint accuses several unidentified defendants of participating in an alleged fraudulent scheme, "Rule 9(b) does not allow a complaint merely to lump multiple defendants together but require[s] plaintiffs to differentiate their allegations * * * and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG,* 476 F.3d 756, 764-65 (9th Cir. 2007) (citations and quotations omitted). Conclusory allegations that defendants were acting in concert with, or were principals of, agents who were making false statements without any factual basis are insufficient to satisfy Rule 9(b). *Id.* at 765; *see also ITI Internet Services, Inc.*, 2006 WL 1789029 at *8-*9.  Here, Plaintiffs recite a number of legal conclusions, but these do not constitute plausible claims for relief.

## IV.   LEGAL ARGUMENT

### A.   Plaintiffs Have Not Properly Commenced an Action Against Recontrust Company, N.A. [1]

The purpose of Fed. R. Civ. Proc. 8, providing general rules of pleading, is to protect defendants from undefined charges and keep federal courts free of frivolous suits.  *Howard v. Koch*, 575 F. Supp. 1299, 1304 (E.D. N.Y. 1982).  In order to allow a defendant to frame a responsive pleading, Fed. R. Civ. Proc. 8(a)(2) requires a pleading which sets forth a claim for relief to contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. Proc. 8(e)(1) requires each averment to be "simple, concise, and direct."  Fed. R. Civ. P. 10(b) requires claims to be limited to the extent possible to a "statement of a single set of circumstances."  Plaintiffs' Complaint fails to satisfy any of these requirements.

Plaintiffs' pleading does not clearly and concisely allege the legal basis for this action. Plaintiffs' use of conclusory language does not establish that Plaintiffs are entitled to any relief, and they do not reasonably apprise Defendant of the claims Plaintiffs are bringing against it.   The

---

[1]  Plaintiffs have interspersed vague legal theories for relief within the narrative of the Complaint, which is essentially a condemnation of the mortgage industry at large.  Defendant's Motion To Dismiss attempts to address all of the possible causes of action raised in the Complaint.  To the extent that Plaintiffs seek relief under a legal theory that this Motion to Dismiss does not address, any such claim necessarily fails for the reason that Plaintiffs do no allege any facts in support of it.

Complaint appears to have been copied from a website.  Nearly identical complaints have been used by other *pro se* litigants.  *See* RJN, Exhs. E, F, and G.  This complaint has been deemed "wholly devoid of any factual basis supporting Petitioner's many legal conclusions" in a similar action in the Eastern District of California.  *See* RJN, Exh. H.  An Oregon federal court has ruled that this complaint should be dismissed with prejudice and that "the deficiencies in all of plaintiff's claims cannot be cured by amendment."  *See* RJN, Exh. I.

### B.   Plaintiffs' Complaint Fails Because They Have Not Alleged Tender.

Plaintiffs' Complaint fails as a matter of law because it does not allege tender of the undisputed obligation in full.  It is well established that a debtor cannot challenge the foreclosure proceedings without first alleging tender:  "When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for wrongful foreclosure."  *Alicea v. GE Money Bank*, Case No. C 09-00091 SBA, 2009 WL 2136969, at *3 (N.D. Cal. July 16, 2009; *see also United States Cold Storage of California v. Great W. Savings & Loan Ass'n*, 165 Cal. App. 3d 1214, 1222 (1985)

The tender requirement extends to any claim "implicitly integrated" with the foreclosure sale.  *See Abdallah v. United Savs. Bank*, 43 Cal. App. 4th 1101, 1109 (1996).  A cause of action is "implicitly integrated" with the foreclosure sale if it challenges and/or seeks damages relating to any aspect of the foreclosure process.  *Id.*; *see also Arnolds Management Corp.*, 158 Cal. App. 3d 575, 579-80 (affirming demurrer sustained without leave to amend on claims of wrongful foreclosure, fraud, and negligence because plaintiff challenging foreclosure sale failed to tender all outstanding monies owed *before* the commencement of the action); *Karlsen v. American Sav. & Loan Ass'n*, 15 Cal. App. 3d 112, 121 (1971) (holding plaintiff's claims for breach of oral agreement, accounting, and constructive trust fail because plaintiff never made a valid tender).  All of Plaintiffs' claims are implicitly integrated with the foreclosure sale.

The rationale behind this rule is simple.  If a plaintiff who has defaulted cannot pay the full amount owing under the loan to redeem the property, enjoining a foreclosure sale is "nothing but an idly and expensively futile act."  *Arnolds Mgmt. Corp.*, 158 Cal. App. 3d at 579.  Enjoining

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

1  foreclosure sales without requiring an allegation of tender "would permit plaintiffs to state a cause

2  of action without the necessary element of damage to themselves." *Id.* at 580.

3       Plaintiffs here do not allege that they have tendered or are currently willing and able to

4  tender the entire amount due to their lender.  They thus lack standing to challenge the foreclosure

5  proceedings.

6  **C.**    **Plaintiffs  Fail To State A Cause of Action For Breach Of Fiduciary Duty**

7         **Because They Fail to Allege a Duty or a Breach of Duty.**

8       Plaintiffs cannot succeed on their cause of action for breach of fiduciary duty because they

9  fail to allege facts sufficient to establish the elements of such a claim.[2]  To state a cause of action

10 for breach of fiduciary duty, a plaintiff must allege "the existence of a fiduciary relationship, its

11 breach, and damage proximately caused by that breach."  *Roberts v. Lomanto*, 112 Cal. App. 4th

12 1553, 1562 (2004) (quoting *Pierce v. Lyman*, 1 Cal. App. 4th 1093, 1101 (1991)).

13      Plaintiffs convoluted Complaint includes the allegation that "in as much as Defendant in

14 concert and collusion with fiduciaries to Plaintiff toward the breach of fiduciary duty of persons

15 with a fiduciary duty to Plaintiff wherein fiduciaries named herein conspired, one with the other,

16 to defraud Plaintiff. . ." (*Sic.*)  Compl., 3:20-26.  Thus, it appears Plaintiffs contend that

17 Defendant is liable for breach of fiduciary duty because Defendant allegedly colluded with other

18 parties – who allegedly owed Plaintiffs a fiduciary duty – to defraud Plaintiffs.  Plaintiffs contend

19 that in April 2005, an "Appraiser," who "was engaged as a special agent to provide a service to

20 Plaintiff (*sic.*), and therefore, had a fiduciary duty to Plaintiff. . .," breached that duty by preparing

21 and presenting to Plaintiffs an inflated value of the Property.  *See* Compl., 27:1-14.  Plaintiffs

---

[2]  It is unclear against whom the "Appraiser: Breach of Fiduciary Duty by Fraudulent Concealment" action is asserted.
(Complaint, 26:23-27:20.)  Instead of naming any individuals allegedly liable for breach of fiduciary duty, Plaintiffs
instead make vague references to "Appraiser," "Underwriter," and "Lender." (*Id.*)  Plaintiffs identify "Appraiser" as
Woodcreek Appraisal Services, Inc.  (*Id.*, 14:13.)  Plaintiffs state they currently are unaware of the identify of
"Underwriter."  (*Id.* at 14:22-23.)  As to "Lender," Plaintiffs do not explicitly identify "Lender" in the Complaint, but
Plaintiffs do refer to "Lender" as charging fees to Plaintiffs on May 27, 2005.  (*Id.* at 15:1-13.)  According to the Deed
of Trust, dated May 27, 2005, at that time "Lender" was Universal Savings Bank, F.A.  (*See* p. 1 of Deed of Trust,
attached at Exh. A to the RJN.)  These facts notwithstanding, Defendant is the only named defendant in this action.
Plaintiffs thus appear to assert their claims against identified and unidentified non-parties, and attempt to impute
liability upon Defendant.

further appear to allege that an unspecified "Underwriter" breached its alleged fiduciary duty owed to Plaintiffs when, in May 2005, the Underwriter "falsely qualif[ied] Plaintiff (*sic.*) for a loan Plaintiff (*sic.*) would be unable to pay." *Id*. at 27:27-28.  Plaintiffs allege that these breaches by both the Appraiser and Underwriter were part of a conspiracy with "Lender." *Id.* at 17:20-19:18; 27:1-28:5.  Notwithstanding these vague and conclusory allegations against "Appraiser," "Underwriter," and "Lender," Plaintiffs do not and cannot allege the required elements of breach of fiduciary duty claim because Defendant owes Plaintiffs no duty of care, let alone a fiduciary duty.

### 1.   Plaintiffs' Breach of Fiduciary Duty Claim is Time-Barred

Plaintiffs' causes of action for Breach of Fiduciary Duty is time-barred.  The Complaint alleges that the breach occurred at the **origination** of Plaintiff's loan in April and May of 2005. *See* Compl., 27:1, 27.  The Statute of Limitations for Breach of Fiduciary duty is four years.  *See David Welch Co. v. Erskine & Tulley,* 203 Cal. App. 3d 884, 893 (1988) (four-year catch-all statute in Cal. Civ. Proc. Code § 343 applicable to breach of fiduciary duty claims).  Plaintiffs, however, did not file their Complaint until over six years later, in June 2011.  Thus, the attempt by Plaintiffs to allege Breach of Fiduciary Duty is time-barred.

### 2.   Plaintiffs Cannot State a Cause of Action for Breach of Fiduciary Duty Because They Were Owed No Duty.

Plaintiffs allege that the breach of fiduciary duty occurred at the origination of Plaintiffs' loan in 2005, where "Appraiser," "Underwriter," and "Lender" were all parties to that transaction. *See* Compl., 27:1-14.  Defendant Recontrust, who is the closing trustee, however, was not a party to the May 2005 loan transaction and, thus, could not have breached a fiduciary duty, if any such duty existed, during that transaction.  To the extent that Plaintiffs are alleging that the lender's alleged breach is somehow imputed to the Defendant Recontrust, Plaintiffs' theory fails since the lender itself did not owe a fiduciary duty.

A contractual relationship amounting to a "debtor/creditor relationship" does not create a fiduciary duty.  *Wolf v. Superior Court*, 107 Cal. App. 4th 25, 32-33 (2003).  More specifically in the context of a mortgage transaction, a lender has no fiduciary duty to a borrower when a

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

borrower obtains a loan through the course of an ordinary lender-borrower relationship.  *See, e.g.,*

*Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1092 n.1 (1991) ("The

relationship between a lending institution and its borrower-client is not fiduciary in nature.").  A

"commercial lender is entitled to pursue its own economic interests in a loan transaction."  *Id.*

(citations omitted); *accord Kruse v. Bank of Am.*, 202 Cal. App. 3d 38, 67 (1988).  This right is

"inconsistent with the obligations of a fiduciary which require that the fiduciary knowingly agree

to subordinate its interests to act on behalf of and for the benefit of another." *Nymark*, 231 Cal.

App. 3d at 1092; *accord Comm. on Children's Television, Inc. v. Gen. Foods Corp.*, 35 Cal. 3d

197, 221 (1983).  As no fiduciary duty existed between Plaintiffs and "Lender," Plaintiffs cannot

succeed on their cause of action for breach of fiduciary duty against Defendant Recontrust.

### 3. Plaintiffs Fail to Allege the Elements of A Fiduciary Relationship

Even if a fiduciary relationship between debtors and creditors was recognized and could be

imputed to Defendant, Plaintiffs have not alleged any of the "essential elements" of a fiduciary

relationship, i.e., "1) [t]he vulnerability of one party to the other which 2) results in the

empowerment of the stronger party by the weaker which 3) empowerment has been solicited or

accepted by the stronger party and 4) prevents the weaker party from effectively protecting itself."

*Persson v. Smart Inventions, Inc.* 125 Cal. App. 4th 1141, 1161 (2005) (citations omitted).

"[V]ulnerability 'is the necessary predicate of a confidential relation,' and 'the law treats [it] as

'absolutely essential'....'" *Id.*  Since Plaintiffs fail to allege any facts meeting this test, their claim

for breach of fiduciary duty similarly fails.

### 4. Even If a Duty Existed, Defendant Did Not Breach That Duty

If the Complaint could somehow establish the duty requirement, the breach of fiduciary

duty cause of action would still fail.  Plaintiffs do not allege any facts establishing a breach of

duty, beyond the conclusory allegations as to the Appraiser, Underwriter, and Lender – none of

which is a party to this action.  *See* Compl., 26:24-28:16.  Plaintiffs allege no facts to support their

contention that Defendant breached any duty, nor do they allege and facts showing that they and

Defendant ever had a special relationship.  *See Kim v. Sumitomo Bank,* 17 Cal. App. 4th 974, 979-

81 (1993).  Moreover, Plaintiffs cannot rely on the unidentified Lender's pursuit of its own

1   economic interests as a breach of duty because  a "commercial lender is entitled to pursue its own

2   economic interests in a loan transaction."  *Nymark*, 231 Cal. App. 3d at 1092 (citations omitted);

3   *accord Kruse v. Bank of Am.*, 202 Cal. App. 3d 38, 67 (1988).  Plaintiffs' inability to allege facts

4   to establish a breach of duty is fatal to their claim.

**D.   Plaintiffs' Causes of Action for Fraud and Civil Conspiracy Fail Because They Are Time-Barred and Insufficiently Pled**

**1.   Plaintiffs' Fraud Claims Are Time-Barred.**

8           As an initial matter, most of Plaintiffs' causes of action for fraud are time-barred, as most

9   of the allegations regarding fraud would have occurred when the loan was originated in May 2005.

10   (*See* RJN at Exh. A.)  The Statute of Limitations for Fraud is three years.  Cal. Code Civ. Proc.

11   § 338(d).  Plaintiffs, however, did not file their Complaint until over six years later, in June 2011.

12   Thus, the attempt by Plaintiffs to allege causes of action for fraud is time-barred.

**2.   Plaintiffs Do Not Allege Fraud With Sufficient Particularity.**

14           Although Plaintiffs plead the elements of fraud in support of their fraudulent

15   misrepresentation, fraudulent concealment, and civil conspiracy causes of action, they allege no

16   facts in support of these claims.  *See* Compl., 28:17-30:21; 36:22-40:8.  To establish a valid claim

17   for fraud, Plaintiffs must state with particularity the circumstances constituting fraud.  Fed. R. Civ.

18   Proc. 9(b).  To meet Rule 9(b)'s particularity requirements, the plaintiff must state "the who, what,

19   where, when and how" of the fraud.  *Vess v. Ciba-Geigy Corp. USA*, 317 F. 3d 1097, 1106-07 (9th

20   Cir. 2003).  A plaintiff must specifically plead (1) the misrepresentation, (2) the speaker and his or

21   her authority to speak, (3) when and where the statements were made, (4) whether the statements

22   were oral or written and, in the latter instance, the specific documents containing the

23   representations, and (5) the manner in which the representations are allegedly false or misleading.

24   *See Moore v. Kayport Package Express, Inc.,* 885 F. 2d 531, 540 (9th Cir. 1989); *see also*

25   *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993).  Moreover, alleging fraud against a

26   corporate defendant requires further specificity.  Because corporations speak through agents, the

27   identity of the corporate agent that perpetrated the fraud and that person's authority to bind the

28   company must be alleged to satisfy Rule 9(b)'s pleading requirement.  *Mat-Van, Inc. v. Sheldon*

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

1 | *Good & Co. Auctions, LLC,* No. 07-912, 2007 WL 3047093, at *4 (S.D. Cal. Oct. 16, 2007); see

2 | also *Tarmann v. State Farm Mut. Auto Ins. Co.,* 2 Cal. App. 4th 152 (1991).

3 |       Here, Plaintiffs' allegations do not meet these stringent standards.  Rather, Plaintiffs'

4 | allegations are vague, confusing, and largely unintelligible.  First, Plaintiffs' fraudulent

5 | concealment claim appears to be alleged against the "Foreclosing Agent."  S*ee* Compl. at 29:18-

6 | 19.  The Complaint vaguely identifies the "Foreclosing Agent" as Defendant Recontrust (*see*

7 | Compl., 13:12-21).  However, confusingly, the remaining allegations as to the fraudulent

8 | concealment claim do not reference either Defendant Recontrust or the "foreclosing agent," but

9 | instead reference only an unidentified "Foreclosing Lender's Agent."  *Id.* at 29:23-30:21.  Second,

10 | it is unclear against whom the "Lender's Agent: Common Law Fraud" action is asserted.  *See*

11 | Compl., 28:17-18.  Instead of naming any individuals allegedly liable for common law fraud,

12 | Plaintiffs instead make vague references to certain unidentified "Lender's Agents."  *Id.* at 28:22-

13 | 29:17.  As to the claim for conspiracy, Plaintiffs merely repeat the same factually devoid,

14 | conclusory statements against the "Lender, as the primary actor," and "all defendants."  *Id.* at

15 | 37:19-40:8.

16 |       The Complaint utterly fails to allege the "who, what, where, when and how" required of

17 | any fraud claim.  *See Vess*, *supra,* 317 F. 3d at 1106-07.  Plaintiffs' boilerplate allegations do not

18 | allege what misrepresentations were made, who purportedly made the misrepresentations, under

19 | what authority the misrepresentations were made, by what means, or where and when.  Plaintiffs

20 | have not alleged fraud with the requisite specificity.  In fact, Plaintiffs have alleged **no specific**

21 | **actions on the part of any party** such as might support a claim for fraud.  As such, Plaintiffs'

22 | claims for fraud should be dismissed without leave to amend.

23 |      **E.**    **Plaintiffs Have Failed To State A Claim For Conversion.**

24 |       Conversion is an "act of willful interference with a chattel, done without lawful

25 | justification, by which any person entitled thereto is deprived of use and possession."  *De Vries v.*

26 | *Brumback*, 53 Cal. 2d 643, 647 (1960).  California law is clear that money cannot be the subject of

27 | a conversion action unless the plaintiff identifies a specific sum allegedly converted by the

28 | defendant.  *Shahood v. Cavin*, 154 Cal. App. 2d 745, 748 (1957); *see also Michelson v. Hamada*,

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

1  29 Cal. App. 4th 1566, 1590 (1994) (conversion action failed where sum converted was only an

2  approximation).  Plaintiffs have not alleged any specific sum that was allegedly converted by

3  Defendant.  Plaintiff has also not alleged any fact that, if proven, would establish any wrongful

4  interference.  As such, this claim should be dismissed.

5  **F.**      **Plaintiffs' Cause of Action For Promissory Estoppel Should Be Dismissed As**

6  **Plaintiffs Have Not Alleged Any Fraud.**

7  Plaintiffs assert that they have a right to Promissory Estoppel because Plaintiffs

8  detrimentally relied upon misrepresentations alleged in the Complaint.  *See* Compl., 31:1-25.

9  Under California law, the "party claiming [promissory] estoppel must specifically plead all facts

10 relied on to establish its elements."  *Smith v. City and County of San Francisco*, 225 Cal. App. 3d

11 38, 48 (1990).  Plaintiffs must also plead a specifically enforceable promise, detrimental reliance,

12 and injustice.  *Id.*

13 For the reasons stated above, Plaintiffs have not alleged any actionable claim for

14 misrepresentation or a specifically enforceable promise.  In addition, Plaintiffs have not alleged

15 any facts to support their allegation that they relied upon any purported misrepresentations or that

16 they "would not have agreed to the loan."  Accordingly, Plaintiffs have not alleged any basis for

17 their Promissory Estoppel claim and it should be dismissed with prejudice.

18 **G.**      **Plaintiffs Fail To State A Claim For Negligence/Negligence Per Se.**

19 Plaintiffs style their next cause of action as a claim for "Negligence/Negligence Per Se."

20 Compl., 32:1-33:2.  But, this "claim" is  time-barred and unsupported by any facts.  Plaintiffs'

21 "Negligence Per Se" claim fails for the additional reason that it is not an independent cause of

22 action.

23 **1.**      **Plaintiffs' Claim For Negligence/Negligence Per Se is Time-Barred.**

24 Pursuant to California Civil Procedure Code section 339, the statute of limitations for

25 negligence claims is two years from the purported breach.  *Coyotzi v. Countrywide Financial*

26 *Corp.*, No. CV F 09-1036 LJO SMS, Slip Copy, 2009 WL 2985497, *6 (E.D. Cal. Sept. 16, 2009)

27 (plaintiffs' claims for "negligence/negligence per se" was time-barred by applicable two-years

28 statute of limitations.); *see also Southern Counties Thrift Co. v. Reardon*, 47 Cal. App. 2d 770,

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

1   771 (1941); *De La Torre v. Icenhower*, 2009 WL 3614563, \*5-6 (S.D. Cal. Oct. 28, 2009)

2       Plaintiffs' allegations focus on the conduct of lenders in inducing people to enter into loan

3   contracts and failing to disclose material terms of the loans prior to closing.  (*See* Compl.,

4   generally)  Here, Plaintiffs entered into the subject mortgage loan in May 2005.  *See* RJN at Exh.

5   A.  Therefore, any negligence claim based on Defendant's alleged conduct must have been

6   brought by May 2007.  However the instant action was not filed until June 2011, over six years

7   after the purported breach.  Accordingly, Plaintiffs' claims for negligence and negligence per se is

8   time-barred.

9       **2.       Defendant Did Not Owe Or Breach A Duty To Plaintiffs.**

10      To state a claim for negligence, a plaintiff must allege (1) the defendant's legal duty of

11  care to the plaintiff: (2) breach of that duty; (3) causation; and (4) injury to the plaintiff as a result

12  of that breach.  *Truong v. Nguyen*, 156 Cal. App. 4th 865, 875 (2007).  "The existence of a duty of

13  care owed by a defendant to a plaintiff is a prerequisite to establishing a claim for negligence."

14  *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1095 (1991).  The threshold

15  question in a negligence action is therefore whether a duty exists "to use due care toward an

16  interest of another that enjoys legal protection against unintentional invasion."  *Quelimane Co. v.*

17  *Stewart Title Guaranty Co.*, 19 Cal. 4th 26, 57 (1998).  The duty requirement exists so that courts

18  have some mechanism to limit "the otherwise potentially infinite liability which would follow

19  from every negligent act."  *Thompson v. County of Alameda*, 27 Cal. 3d 741, 749-50 (1980).

20  Accordingly, a complaint that lacks facts to show that a duty of care is owed is fatally defective.

21  *Peter W. v. San Francisco Unified School Dist.,* 60 Cal. App. 3d 814, 820 (1976).

22      A lender owes no duty of care to a borrower unless "the lender actively participates in the

23  financed enterprise beyond the domain of the usual money lender."  *Wagner v. Benson*, 101 Cal.

24  App. 3d 27, 35 (1980) (internal quotations and citations omitted); *see also Nymark*, 231 Cal. App.

25  3d at 1096.  "Thus, for example, a lender has no duty to disclose its knowledge that the borrower's

26  intended use of the loan proceeds represents an unsafe investment."  *Nymark*, 231 Cal. App. 3d at

27  1096.  Similarly, a trustee under a deed of trust, such as Defendant, owes no duty to the borrower.

28  *Wong v. Am. Servicing Co., Inc.*, 2009 WL 5113516, \*6 (E.D. Cal. 2009); *Watts v. Decision One*

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

12

1  *Mortg. Co.*, 2009 WL 2044595, *3 (S.D. Cal. July 13, 2009) [holding that "the trustee under a

2  deed of trust 'is not a true trustee, and owes no fiduciary obligations; [it] merely acts as a common

3  agent for the trustor and beneficiary of the deed of trust. [The trustee's] only duties are: (1) upon

4  default to undertake the steps necessary to foreclose the deed of trust; or (2) upon satisfaction of

5  the secured debt to reconvey the deed of trust.'"  (citing *Cisneros v. Instant Capital Funding

6  Group, Inc.,* 2009 U.S. Dist. LEXIS 91999 (E.D. Cal. Sept. 18, 2009)].  Thus, Defendant, as

7  trustee under the deed of trust, did not owe a duty of care to Plaintiffs.

8        Neither does Defendant owe a duty of care to Plaintiffs under TILA, HOEPA, RESPA, or

9  RESPA's Regulations X and Z, despite Plaintiffs' assertion in their Complaint.  (Compl., 32:14-

10  28).  As a preliminary matter, any claim that Plaintiffs could  assert under those statutes would be

11  time-barred by the applicable one-year and three-year statutes of limitations, as Plaintiffs closed

12  on their loan in May 2005 and this action was filed in June 2011.  The time to bring an action

13  under TILA for rescission is three years and for damages is one year from the date of the violation.

14  15 U.S.C. §§ 1635(f); 1640(e); *see also Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164

15  (9th Cir. 2002), *cert. denied*, 539 U.S. 927, 123 S. Ct. 2577 (2003) (Section 1635(f) "is a statute of

16  repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside

17  the three-year limitation period."); *Hallas v. Ameriquest Mortg. Co.*, 406 F. Supp. 2d, 1176, 1183

18  (D. Or. 2005) ("TILA requires that any claim [for damages] based on an alleged failure to make

19  material disclosures be brought within one year from the occurrence of the violation.")  The date

20  of the violation refers to the date "the loan documents were signed."  *Meyer v. Ameriquest Mortg.

21  Co.*, 342 F.3d 899, 902 (9th Cir. 2003); *see also King v. State of California*, 784 F.2d 910, 913

22  (9th Cir. 1986) (limitation period begins to run on the "date of the consummation of the

23  transaction or upon the sale of the property, whichever occurs first").  HOEPA is an amendment to

24  TILA and has the same applicable statute of limitations.  *Kemezis v. Matthew*, No. Civ.A. 07-

25  5086, 2008 WL 2468377, at *3 (E.D. Pa. June 16, 2008).  RESPA claims under 12 U.S.C. § 2607

26  regarding " kickbacks and unearned fees" are subject to a one-year limitations period, and RESPA

27  claims under 12 U.S.C. § 2605 are subject to a three-year limitations period.  12 U.S.C. § 2614.

28  The limitations period begins to run at closing of the loan.  *Snow v. First Am. Title Ins. Comp.*, 332

1  F.3d 356, 359 (2003).  Plaintiffs do not identify any facts or circumstances to support tolling in

2  their situation.

3          To the extent that Plaintiffs are attempting to assert any independent statutory claims

4  against Defendant unrelated to negligence and/or a duty of care, Plaintiffs' claims cannot succeed

5  on the merits.  As previously stated, Defendant Recontrust is a trustee.  Trustees are generally not

6  liable under TILA and HOEPA.  *See Williams v. Saxon Mortg. Servs.*, *Inc.*, 2007 WL 3124470, *1

7  (S.D. Ala. Oct. 27, 2007) (citing 15 U.S.C. § 1641(f)(1)  Thus, Plaintiffs cannot prevail on

8  independent TILA and/or HOEPA claims against Defendant.

9          Nor may Plaintiffs prevail against Defendant to the extent they claim violation of RESPA

10  for any failure to respond to Plaintiff's alleged qualified written request ("QWR").  Under 12

11  U.S.C. § 2605(e), a loan servicer is obligated to respond to consumer inquiries upon its receipt of a

12  QWR.  12 U.S.C. § 2605(e).  However, as indicated above, Defendant Recontrust is a trustee.  As

13  such, it was not obligated to respond to Plaintiffs'  QWR.  *See Watts, supra,* 2009 WL 2044595,

14  *3.  For these reasons, this claim fails.

15          **3.          Negligence Per Se Is Not A Cognizable Claim**

16          Plaintiffs' negligence per se claim fails for the additional reason that negligence per se is

17  not an independent cause of action in California.  Instead, it is an evidentiary doctrine.  *See Quiroz*

18  *v. Seventh Ave. Center*, 140 Cal. App. 4th 1256, 1285-86 (2206); *Cal. Serv. Station & Auto Repair*

19  *Ass'n v. Am. Home Assur. Co.,* 62 Cal. App 4th 1166, 1171, n.5 and 1178 (1998) (Negligence per

20  se is the "presumption of negligence arising out of a violation of a statute, ordinance, or

21  regulation…") (internal citations omitted).   Plaintiffs cannot state a claim for negligence per se.

22          **H.          Plaintiffs Have Failed To State A Claim For Unjust Enrichment.**

23          Plaintiffs' claim for unjust enrichment must fail because "there is no cause of action in

24  California for unjust enrichment."  *Melchoir v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 793

25  (2003).  "The phrase 'Unjust Enrichment' does not describe a theory of recovery, but an effect: the

26  result of a failure to make restitution under circumstances where it is equitable to do so."  *Id.*

27  "Unjust enrichment is 'a general principle, underlying various legal doctrines and remedies,'

28  rather than a remedy itself."  *Id.*

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

14

1   Here, the Complaint asserts "unjust enrichment" as an independent cause of action.  *See*

2   Compl. at 33:3-34:2.  However, no such cause of action exists, since unjust enrichment merely

3   describes the effect of a failure to make restitution.  In addition, Plaintiffs' Complaint fails to

4   allege any fact to support their claim for unjust enrichment.

5   **I.    Plaintiffs' Complaint Fails To State A Claim For Breach Of The Implied**

6   **Covenant of Good Faith And Fair Dealing.**

7   Plaintiffs allege that "Defendants" breached the implied covenant of good faith and fair

8   dealing by, *inter alia*, failing to "provide all of the proper disclosures" and failing to advise

9   Plaintiffs of the financial risk involved with a home loan.  Compl., 34:20-28.   Plaintiffs do not

10   allege any facts in support of their claim, which fails as a matter of law.

11   The covenant of good faith and fair dealing is implied in every contract, and ensures that

12   neither party will do anything to deprive the other party of the benefits of the contract.  1 B.E.

13   Witkin, *Summary of California Law*, Contracts § 798 (10th ed.)  But, "[g]enerally, no cause of

14   action for the tortious breach of the implied covenant of good faith and fair dealing can arise

15   unless the parties are in a 'special relationship' with 'fiduciary characteristics.'"  *Valenzuela v.*

16   *America Home Mortg. Inv. Trust* 2005-2, No. CV-F-08-1179 OWW/SMS, 2009 U.S. Dist. LEXIS

17   311111, at *65 (E.D. Ca. Mar. 30, 2009).  "California case law is clear that a commercial loan

18   transaction does not create such a special relationship."  Id. at *78; *see also Nymark v. Heart Fed.*

19   *Sav. Loan Ass'n*, 231 Cal. App. 3d 1089, 1093 n.1 (1991).  The implied covenant tort is not

20   available to parties in an ordinary commercial relationship, where the parties only deal at arms'

21   length.  *Valenzuela*, 2009 U.S. Dist. LEXIS 31111 at *77-78  Here, Plaintiffs have not alleged any

22   fiduciary relationship or any circumstances other than an ordinary loan transaction, to which

23   Defendant Recontrust was not even a party.  Further, Plaintiffs do not even allege the existence of

24   a contract between themselves and Defendant Recontrust.

25   The implied covenant of good faith and fair dealing does not impose pre-contractual

26   obligations or duties. The implied covenant is a supplement to an existing contract.  It does not

27   require parties to negotiate in good faith before any agreement is reached.  *McClain v. Octagon*

28   *Plaza, LLC*, 159 Cal. App. 4th 784, 799 (2008); *Racine & Laramie Ltd. v. Dept. of Parks &*

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

1  *Recreation*, 11 Cal. App. 4th 1026, 1031-1035 (1992).   To the extent Plaintiffs' claim is

2  predicated on an alleged failure by another party to provide disclosures before execution of the

3  loan, which is then somehow imputed to Defendant, the claim fails as a matter of law.

4      If a contract did exist from which the covenant arose, Plaintiffs' claim would still fail

5  because Plaintiffs fail to attach such contract to the Complaint or to allege the specific provisions

6  in the Complaint. *See Otworth v. S. Pac. Transp. Co.*, 166 Cal. App. 3d 452, 459 (1985) (holding

7  that if the action is based on an alleged breach of a written contract, the terms must be set out

8  verbatim in the body of the complaint or a copy of the written instrument must be attached and

9  incorporated by reference).   Moreover, "the implied covenant will only be recognized to further

10 the contract's purpose; it will not be read into a contract to prohibit a party from doing that which

11 is expressly permitted by the agreement itself."  *Wolf v. Walt Disney Pictures and Television*, 162

12 Cal. App. 4th 1107, 1120 (2008); *see also Carma Developers, Inc. v. Marathon Dev. Co., Inc.*, 2

13 Cal. 4th 342, 374 (1992).  The loan documents and California Civil Code § 2924 allow foreclosure

14 to be initiated upon default.  The initiation of foreclosure cannot be the basis for a covenant claim.

15  **J.**     **Plaintiffs' Cause of Action for Violation of the Fair Credit Reporting Act**

16          **Fails.**

17      Plaintiffs purport to assert a claim under the Federal Credit Reporting Act ("FCRA"), 15

18 U.S.C. § 1681 *et seq.*  *See* Compl., 35:6-28.  Plaintiffs' FCRA claim must fail for the simple

19 reason that the claim is not even alleged against Defendant Recontrust, but is instead alleged

20 against other non-"defendant" parties.  *See* Compl., 35:14-16 ("Plaintiff (*sic.*) is informed and

21 believe (*sic.*), and thereon allege, that in the course and conduct of offering and making the above-

22 noted mortgage to Plaintiff, defendants violated numerous provisions of [the FCRA]. . .")  Even if

23 the claim was properly asserted against Defendant Recontrust, the claim arises out of actions at the

24 loan's origination in 2005.  Since Plaintiffs do not and cannot allege that Recontrust was a party to

25 that transaction, Recontrust could not have violated the FCRA during that transaction.

26      Moreover, Plaintiffs fail to plead specific facts establishing a violation of the FCRA.  A

27 FCRA claim must be dismissed "[a]bsent specific factual allegations" that establish "which, if

28 any, of these [FCRA] sections that defendants have violated."  *Marks v. Ocwen Loan Servicing*,

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

1  No. C 07-2133, 2009 WL 975792, at *7 (N.D. Cal. Apr. 10, 2009) ("[M]erely assert[ing] that

2  defendants reported negative marks against her credit….[is] not sufficient to state a claim under

3  FCRA."); *see also Bradley v. Paypal, Inc.*, No. C-08-03924, 2009 WL 1035245, at *1 (N.D. Cal.

4  Apr. 17, 2009) (Dismissing plaintiff's FCRA claim for plaintiff's failure to allege any "specific

5  facts that constitute a violation.").

6         In support of their FCRA claim, without pointing to any specific FCRA section(s),

7  Plaintiffs merely allege that "defendants violated numerous provisions of FCRA" by failing to

8  provide:  credit scores, Notice to Home Loan Applicant, Notices of Adverse Action, and Risk-

9  Based Pricing Notice.  Compl., 35:14-22.  Plaintiffs also allege that "defendants" failed to "make

10  Investigative Consumer Report Disclosure."  *Id.*  However, Plaintiffs have failed to allege any

11  specific facts that constitute any of these alleged violations, and thus fail to state a valid claim

12  under FCRA on which relief may be granted.  Accordingly, the FCRA claim should be dismissed

13  without leave to amend.

14       **K.       Plaintiffs Fail To State A Cause Of Action On Their Claim For Intentional**

15              **Infliction Of Emotional Distress.**

16         Plaintiffs' final claim is for intentional infliction of emotional distress.  Compl.,  36:1-20.

17  This claim, however, is unsupported by any facts.

18         "The elements of a cause of action for intentional infliction of emotional distress are well

19  settled.  A plaintiff must allege that (1) the defendant engaged in extreme and outrageous conduct

20  with the intention of causing, or reckless disregard of the probability of causing, severe emotional

21  distress to the plaintiff; (2) the plaintiff actually suffered severe or extreme emotional distress; and

22  (3) the outrageous conduct was the actual and proximate cause of the emotional distress." *Ross v.*

23  *Creel Printing & Publ'g Co.*, 100 Cal. App. 4th 736, 744-45 (2002) (affirming demurrer).  "While

24  the outrageousness of a defendant's conduct normally presents an issue of fact to be determined by

25  the trier of fact, the court may determine in the first instance, whether the defendant's conduct may

26  reasonably be regarded as so extreme and outrageous as to permit recovery." *Trerice v. Blue*

27  *Cross of Cal.*, 209 Cal. App. 3d 878, 883 (1989).  (citations omitted).  Where, as here, "physical

28  harm has not resulted from the emotional distress, the courts tend to look for more in the way of

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

1   extreme outrage as an assurance that the mental disturbance claimed is not fictitious." *See In*

2   *Perati v. Atkinson*, 213 Cal. App. 2d 472, 474 (1963) (affirming demurrer).

3          The question of whether a pleaded set of facts meets the "outrageous conduct" standard has

4   often been resolved as a question of law at the pleading stage. *See, e.g.*, *Isaacson v. California*

5   *Ins. Guarantee Assn.*, 44 Cal. 3d 775, 789 (1988) (trial court could find on demurrer that alleged

6   facts were insufficient to establish outrageous conduct); *see also Davidson v. City of Westminster*,

7   32 Cal. 3d 197, 210 (1982) (same). A "court may determine in the first instance, whether the

8   defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit

9   recovery." *Trerice v. Blue Cross of Cal.*, 209 Cal. App. 3d 878, 883 (1989).

10          Plaintiffs' claim here falls far short of this pleading requirement. Plaintiffs assert the bare

11   allegation that the "conduct committed by Defendants (*sic.*)… was extreme and outrageous," but

12   the allegedly outrageous conduct is never described or otherwise identified. *See* Compl., 36:2-6.

13   Plaintiffs, therefore, cannot demonstrate that Defendant engaged in "outrageous conduct" which

14   thereby exposes it liability, because Plaintiffs fail to identify ***any conduct whatsoever*** - let alone

15   outrageous conduct – engaged in by Defendant. Accordingly, Plaintiffs claim for intentional

16   infliction of emotional distress  should be dismissed without leave to amend.

17   **V.        MOTION FOR A MORE DEFINITE STATEMENT.**

18          To the extent the Court determines that Plaintiffs have raised issues that Defendant has not

19   addressed herein due to the nature of Plaintiffs' allegations, Defendant hereby moves for a more

20   definite statement on the grounds that the complaint "is so vague or ambiguous that the party

21   cannot reasonably prepare a response." Fed. R. Civ. Proc. 12(e). Defendant respectfully requests

22   that the Court in its order limit Plaintiff to pleading enumerated claims under separate headings.

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

## VI.   CONCLUSION

Plaintiffs' Complaint demonstrates that they do not have facts sufficient to state a claim for relief against Defendant Recontrust.  Nor is there any indication amendment would overcome the deficiencies.  Therefore, for all the reasons and authorities set forth above, Defendant Recontrust urges dismissal of Plaintiffs' Complaint without leave to amend.

Dated:  July 15, 2011                          **BRYAN CAVE LLP**
                                               Andrea M. Hicks
                                               Michael J. Peng

                                               By:        /s/ *Michael J. Peng*
                                                          Michael J. Peng
                                               Attorneys for Defendant
                                               RECONTRUST COMPANY, N.A.

BRYAN CAVE LLP
2 EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS