**BRYAN CAVE LLP**
Andrea M. Hicks, California Bar No. 219836
Michael J. Peng, California Bar No. 260852
2 Embarcadero Center, Suite 1410
San Francisco, CA 94111
Telephone:   (415) 675-3400
Facsimile:   (415) 675-3434
Email:       hicksa@bryancave.com
             pengm@bryancave.com

**BRYAN CAVE LLP**
Robert E. Boone III, California Bar No. 132780
120 Broadway, Suite 300
Santa Monica, CA 90401-2386
Telephone:   310-576-2100
Facsimile:   310-576-2200
Email:       reboone@bryancave.com

Attorneys for Defendant
RECONTRUST COMPANY, N.A.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN M & JANELLE R PAVEY,<br><br>Plaintiffs,<br><br>vs.<br><br>RECONTRUST COMPANY, N.A., and Does 1 through 10,<br><br>Defendant. | Case No. 2:11-cv-1477-GEB-DAD-PS<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS**<br><br>Hon. Garland E. Burrell, Jr.<br><br>Date:        August 26, 2011<br>Time:        10:00 a.m.<br>Courtroom:   27, 8th Floor<br><br>Complaint Filed: June 1, 2011<br><br>Trial Date:  Not Assigned |

I.  **INTRODUCTION**

Plaintiffs Brian M. Pavey and Janelle R. Pavey ("Plaintiffs") fail to set forth any substantive opposition to the Motion to Dismiss their Complaint, filed by Defendant ReconTrust Company, N.A. ("Defendant"). The Opposition fails to present any facts or law establishing grounds for denying the Motion to Dismiss. Instead, Plaintiffs simply restate the same allegations from their Complaint and present immaterial legal arguments. Their arguments are insufficient, and the Motion to Dismiss should be granted in its entirety, without leave to amend.

Also, Plaintiffs' Motion for Rule 11 Sanctions does not comply with any requirement of Rule 11(c)(2). On this basis alone, the Court should strike, or, in the alternative, deny Plaintiffs' Motion for Sanctions. Aside from these technical deficiencies, Plaintiffs do not demonstrate any factual or legal basis for imposing sanctions against defense counsel, Andrea M. Hicks and Michael J. Peng. Plaintiffs' claims that Defendant's Motion to Dismiss was filed "for an improper purpose, such as to harass, cause an unnecessary delay, or needlessly increase the cost of litigation" (Motion for Sanctions, ¶ 6), and that Andrea M. Hicks and Michael J. Peng "did not make a reasonable inquiry into the facts or law before filing an answer (*sic.*)" (*id.* at ¶7), are totally without merit. Plaintiffs' reasoning for filing their Motion for Rule 11 Sanctions is baseless and warrants reimbursement to Defendant for reasonable expenses, including attorney's fees, in defending against these meritless claims and to deter future repetition of the improper conduct. *See Coats v. Pierre*, 890 F.2d 728, 734 (5th Cir. 1989) (upholding award of sanctions against *pro se* litigant).

II.  **PLAINTIFFS' OPPOSITION FAILS TO DEMONSTRATE THE MERITS OF THEIR CLAIMS**

Plaintiffs' Opposition fails to dispute any of the grounds for Defendant's motion and provides no indication that any opportunity for further pleading will correct the defects in Plaintiffs' factually bereft allegations. Instead, Plaintiffs merely repeat the allegations of their Complaint, which are premised on two main contentions: that Defendants failed to provide adequate disclosures at closing, and that Defendants lack standing to foreclose. However, these arguments fail because Plaintiffs have not alleged that they are willing and able to tender the

1

amount due under the loan, their claims are time-barred, and Plaintiffs have failed to state facts sufficient to support any cause of action.

### A. **Plaintiffs Have Not Alleged Tender**

Plaintiffs fail to allege that they are willing or able to tender the amount due under their loan. The lack of tender is fatal to all of Plaintiffs' claims as they are all "implicitly integrated" with the foreclosure sale and Defendants' motion to dismiss should be granted. *Abdallah v. United Savs. Bank*, 43 Cal. App. 4th 1101, 1109 (1996). Tender is required where, as here, a party seeks to challenge the foreclosure sale. The requirement applies to any claim "implicitly integrated" with the foreclosure sale. *Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575, 579 (1984) (sustaining of demurrer without leave to amend on claims of wrongful foreclosure, fraud, and negligence relating to foreclosure sale); *see also Karlsen v. Am. Sav. & Loan Ass'n*, 15 Cal. App. 3d 112, 121 (1971) (holding plaintiff's claims for breach of oral agreement, accounting, and constructive trust fail because plaintiff never made a valid tender).

The tender requirement serves two primary purposes. First, it shows injury in fact: "if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs." *FPCI RE-HAB 01 v. E & G Invs., Ltd.*, 207 Cal. App. 3d 1018, 1022 (1989); *see Arnolds*, 158 Cal. App. 3d at 580 ("To hold otherwise would permit plaintiffs to state a cause of action without the necessary element of damage to themselves"). Second, if plaintiffs cannot pay off the loan, cancellation of the sale "would be nothing but an idly and expensively futile act." *Arnolds*, 158 Cal. App. 3d at 579; *see Vega v. JPMorgan Chase Bank, N.A.*, 654 F. Supp. 2d 1104, 1112 (E.D. Cal. 2009); *Dimock v. Emerald Properties, LLC*, 81 Cal. App. 4th 868, 878 (2000) ("This requirement is based on the theory that one who is relying upon equity . . . is able to perform his obligations under the contract so that equity will not have been employed for an idle purpose."). Here Plaintiffs have not alleged tender. Accordingly, Plaintiffs' claims should be dismissed.

///
///
///

REPLY IN SUPPORT OF MOTION TO DISMISS AND OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS

B. **Plaintiffs Fail To Allege Sufficient Facts To Toll The Statutes Of Limitations That Bar Their Claims**

Plaintiffs completely fail to argue that the statutes of limitations that bar their claims should be equitably tolled. Although Defendants allegedly failed to provide a loan with particular desired terms and conditions, and charged "false" fees at closing, it is undisputed that Plaintiffs knew the terms and conditions when they signed the documents in May 2005. Plaintiffs do not identify any reason they failed to discover the purportedly erroneous or "false" loan terms at either signing or any reason they should be excused from reading the loan documents.

Even if they were to assert that they did not discovery the alleged violations until they conducted an investigation shortly before they filed this lawsuit, California courts have held that the statute of limitations is not tolled when discovery occurred from an investigation into the loan, as the investigation could have been performed at any point after the loan closing. *See Sanchez v. Greenpoint Mortgage Funding, Inc.*, 2010 WL 1880280 (S.D.Cal.) (granting motion to dismiss without leave to amend on statute of limitations grounds when "forensic audit" could have been performed prior to the running of the statute of limitations); *see also Lewis v. Bank of America, N.A.*, 2010 WL 1372526 (S.D.Cal., 2010) (refusing to permit equitable tolling where plaintiff allegedly did not become aware of the alleged violations until after plaintiff received a 'forensic audit' of the loan.)

Plaintiffs entered into the subject loan transaction on May 27, 2005. (RJN, Exh. A) They filed their initial Complaint over six years later, on June 1, 2011. Plaintiffs do not — and cannot — plead any fact to support any allegation that equitable tolling applies. Even if they had a viable claim, they simply waited too long to file suit. As a result, all of Plaintiffs' claims regarding the 2005 loan are time-barred.

C. **Plaintiffs Have Not Properly Pled Their Claims**

Plaintiffs assert that because they are appearing *pro se*, their Complaint should be liberally construed. (*See* Opposition, 5:1-14.) "A document filed *pro se* is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). However, a

complaint must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560 (2007). Likewise, "the court's liberal interpretation of a *pro se* complaint may not supply essential elements of a claim that are not pled." *Henderson v. Felker*, No. 06-1325, 2008 U.S. Dist. LEXIS 16518, at *14 (E.D. Cal. Mar. 4, 2008). Here, Plaintiffs do not allege facts sufficient to support any of their causes of action. Instead Plaintiffs simply repeat their assertion that Defendants failed to provide certain disclosures are closing, charged "false" fees, and mistakenly attempt to cast . However, these arguments are without merit. Therefore, Defendant's Motion should be granted and Plaintiffs' Complaint should be dismissed.

      **D.**    **Plaintiffs' Opposition Does Not Address Many Of The Arguments Raised in the Motion To Dismiss**

Defendant moved to dismiss all ten of Plaintiffs' causes of action. In their Opposition, Plaintiffs utterly fail mention or address the arguments raised, or cases cited, in support of Defendants' Motion to Dismiss. Plaintiffs merely assert that the arguments raised by Defendant in response to their causes of action are "cookie cutter" responses to avoid answering Plaintiffs' allegations. (*See* Opposition, 4:14-22.) Because Plaintiffs do not address the arguments raised by Defendants' Motion, they are tacitly conceding the merits of Defendants' arguments. Therefore, the Motion to Dismiss should be sustained with prejudice.

**III.**    **DEFENDANT'S MOTION TO STRIKE SHOULD BE GRANTED**

Plaintiffs do not oppose Defendant's Motion to Strike parts 2:17-20, 4:14-27, 5:11-7:14, and 12:15-16 of their Complaint, the "Expert" Declaration of Randall Kelton, or the Complaint's request for punitive damages. These portions of the Complaint are immaterial, impertinent, and scandalous pursuant to Federal Rule of Civil Procedure 12(f). Therefore, Defendant requests that the Court strike the immaterial, impertinent, and scandalous portions of the Complaint.

///
///
///
///

IV. **PLAINTIFFS' MOTION FOR RULE 11 SANCTIONS SHOULD BE STRICKEN OR, IN THE ALTERNATIVE, DENIED, AND COSTS SHOULD BE AWARDED TO DEFENDANT**

Federal Rule of Civil Procedure 11(c)(2) states:

> A motion for sanctions **must be made separately from any other motion** and **must describe the specific conduct that allegedly violates Rule 11(b)**. The motion **must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service** or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion. [Emphasis added.]

Plaintiffs failed to comply with every requirement of Rule 11(c)(2). First, Plaintiffs' Motion for Sanctions against Andrea M. Hicks and Michael J. Peng was not made separately from their Opposition to Defendant's Motion to Dismiss. Rather, the Motion was filed as a continuation, beginning on page six, of their Opposition to which Defendant herein replies. As such, Plaintiffs did not comply with the filing requirement of rule 11(c)(2) and their Motion should be denied.

Second, Plaintiffs failed to comply with the safe harbor provision of Rule 11(c)(2). The safe harbor provision of Rule 11 is a "strict requirement that a [Rule 11] motion be *served* on the opposing party twenty-one days prior to filing. It is the service of the motion that gives notice to a party and its attorneys that they must retract or risk sanctions." *Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772 789 (9th Cir. 2001) (emphasis in original). However, rather than first serving it on Defendant and allowing them twenty-one days to respond, Plaintiffs filed their Motion for Sanctions directly with the Court. This failure to comply with the safe harbor provision warrants the Motion being denied.

Third, Plaintiffs' Motion for Sanctions does not "describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. Rule 11(c)(2). Here, Plaintiffs merely assert the conclusory allegation that "Defendant's filing of 'Defendants Answer' (*sic*.) violated Rule 11 because counsel for Defendant filed the document for an improper purpose, such as to harass, cause an unnecessary delay, or needlessly increase the cost of litigation." (Motion for Sanction, ¶

6.) In similar conclusory fashion, Plaintiffs go on to contend that "counsel for Defendant... did not make a reasonable inquiry into the facts or law before filing the answer (*sic.*)."[1] (*Id.* at ¶ 7.)

Plaintiffs completely fail, however, to *describe* how Defense counsel filed the Motion to Dismiss for an improper purpose. Merely restating examples of improper purposes from the rules is insufficient. Further, they cannot reasonably contend that there was no reasonable inquiry into the facts or law in the face of Defendant's 19-page Memorandum of Points and Authorities and Request for Judicial Notice submitted in support of Defendant's Motion to Dismiss. Plaintiffs therefore fail to meet their burden under Rule 11. Obviously, Plaintiffs may disagree with Defendant's application of the law and analysis of the Complaint's pleadings, which is why the Court permits Plaintiffs to file an Opposition to the Motion to Dismiss, but that does not justify Plaintiffs' Motion for Sanctions.

For the foregoing reasons, Plaintiffs' Motion For Sanctions should be stricken or, in the alternative, denied.

Defendant's request that it be awarded reasonable attorney's fees and expenses incurred in opposing Plaintiffs' Motion for Sanctions, as specifically provided for by Rule 11(c)(2). *See Coats v. Pierre*, 890 F.2d 728, 734 (5th Cir. 1989) (upholding award of sanctions against *pro se* litigant).

## V. CONCLUSION

All of Plaintiffs' allegations fail to state a claim. Defendants request this Court dismiss Plaintiffs' Complaint in its entirety without leave to amend.

///
///
///
///
///

---

[1] By repeatedly referencing "Defendant's Answer," it appears that Plaintiffs are the ones who failed to make a reasonably inquiry into the facts or law. *See* Plaintiffs' Motion for Sanctions, 6:22 and ¶¶ 6, 7, 10.

1  Further, Plaintiffs' Motion for Sanctions should be stricken or, alternatively, denied, and
2  Defendant should be awarded reasonable attorney's fees and expenses incurred for opposing the
3  Motion.

5  Dated: August 19, 2011  **BRYAN CAVE LLP**
    Andrea M. Hicks
    Michael J. Peng

    By:   /s/ Michael J. Peng
    ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
         Michael J. Peng
    Attorneys for Defendant
    RECONTRUST COMPANY, N.A.

# CERTIFICATE OF SERVICE

I am employed in the City and County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is: Two Embarcadero Center, Suite 1410, San Francisco, CA 94111, and my email address is: malou.sana@bryancave.com.

On August 19, 2011, I caused to be served on the interested parties in said action the within:

**REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS**

by placing a true copy thereof in a sealed envelope addressed as follows:

Brian M & Janelle R Pavey
103 McCormick Court
Folsom, CA 95630

[ ] **BY MAIL** - I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ X ] **BY OVERNIGHT DELIVERY** - Depositing the above document(s) in a box or other facility regularly maintained by FedEx in an envelope or package designated by FedEx with delivery fees paid or provided for.

[ ] **BY PERSONAL DELIVERY** - I hand delivered the documents via Western Messenger to party by close of business day today.

[ ] **BY FACSIMILE** - I caused said document to be transmitted to a facsimile machine maintained by the office of the addressee(s) at the facsimile machine number(s) indicated. Said facsimile number(s) are the most recent numbers appearing on documents filed and served by the addressee(s). I received electronic confirmation from the facsimile machine that said document was successfully transmitted without error.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 19, 2011, at San Francisco, California.

_____
Marilou P. Sana

35823.4

CERTIFICATE OF SERVICE, Case No: 2:11-CV-1477-GEB-DAD-PS