IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN M. and JANELLE R. PAVEY,

      Plaintiffs,                      No. CIV S-11-1477 GEB DAD PS

      vs.

RECONTRUST COMPANY, N.A.,      FINDINGS AND RECOMMENDATIONS
and DOES 1 through 10,

      Defendants.
_____/

      This matter came before the court on August 26, 2011, for hearing of a motion to strike and a motion to dismiss plaintiffs' complaint filed on behalf of defendant Reconstruct Company, N.A. Plaintiffs, who are proceeding pro se, did not appear at the hearing.[1] Attorney Michael Peng appeared telephonically for defendant Reconstruct Company, N.A. Oral argument was heard, and defendant's motions were taken under submission.

      Upon consideration of the briefing on file, defendant's arguments at the hearing, and the entire file, the undersigned will recommend that defendant's motion to dismiss be granted in part.

/////

/////

---

[1] On September 6, 2011, plaintiffs filed a letter with the court apologizing for their absence and promising to attend any future hearings. (Doc. No. 22.)

BACKGROUND

Plaintiffs commenced this action by filing a complaint on June 1, 2011, (Doc. No. 1), and paying the required filing fee. In their complaint, plaintiffs allege that defendant violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq, in connection with plaintiffs' home loan which was taken out in 2005. Specifically, plaintiffs allege that the defendant failed to provided them with credit scores, failed to provide "Notice to Home Loan Applicant," failed to provide "Notices of Adverse Action," failed to provide "Risk-Based Pricing Notice," and failed to make an "Investigative Consumer Report Disclosure."[2] (Id. at 35.[3])

On July 18, 2011, counsel for defendant filed a motion to strike portions of plaintiffs' complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, (Doc. No. 16), and also filed a motion to dismiss pursuant to Rule 12(b)(6). (Def.'s MTD (Doc. No. 17.)) Plaintiffs filed an opposition to defendant's motion on July 29, 2011, (Pl.'s Opp.'n (Doc. No. 18)), and defendant filed a reply on August 19, 2011. (Def.'s Reply (Doc. No. 19.))

LEGAL STANDARDS APPLICABLE TO DEFENDANT'S MOTION

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus,

---

[2] Plaintiffs also allege several state law causes of action. Specifically, plaintiffs allege that defendant, as well as the appraiser, closing trustee, underwriter, and lender involved in the May 2005 purchase of plaintiffs' home breached their fiduciary duties and the implied covenant of good faith and fair dealing, intentionally inflicted emotional distress, committed fraud and conversion, were negligent, incurred unjust enrichment and committed all of these acts as part of a conspiracy. (Compl. (Doc. No. 1) at 17-40.)

[3] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the form of factual allegations.  W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  The court is permitted to consider material which is properly submitted as part of the complaint, documents not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record.  Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

## ANALYSIS

I. Rule 8

Counsel for defendant argues that plaintiffs' complaint should be dismissed due to its failure to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure.  In this regard, defense counsel argues that plaintiffs' complaint fails to set forth a short and plain statement of any claim showing that plaintiffs are entitled to relief.  (Def.'s MTD (Doc. No. 17) at 13-14.)

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

/////

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S. 662, ---, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649. A complaint must also contain "a short and plain statement of the grounds for the court's jurisdiction" and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(1) & 8(a)(3).

Here, the allegations found in plaintiffs' complaint are vague, conclusory, and nearly incomprehensible. The complaint fails to allege facts that state the elements of the claims both plainly and succinctly, and fails to allege with any degree of particularity the specific acts allegedly engaged in that would support plaintiffs' claims. The complaint is also almost entirely devoid of reference to the most basic facts, such as the dates on which alleged incidents occurred and the names of individuals involved in the acts alleged. Accordingly, defendant's motion to dismiss could be properly granted for this reason alone.[4]

---

[4] Moreover, with respect to plaintiffs' attempt to allege a claim of fraud, when a plaintiff raises claims of fraud, "the circumstances constituting fraud . . . shall be stated with particularity." Fed. R. Civ. P. 9(b). "Rule 9(b) serves not only to give notice to defendants of the specific fraudulent conduct against which they must defend, but also 'to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'" Bly-Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001) (quoting In re Stac Elec. Sec. Litig., 89 F.3d 1399, 1405 (9th Cir. 1996)). Pursuant to Rule 9(b), a plaintiff alleging fraud at a minimum must plead evidentiary facts such as the time, place, persons, statements and explanations of why allegedly misleading statements are misleading. In re

## II. FCRA

Counsel for defendant also argues that plaintiffs' claim under the FCRA must be dismissed for failure to state a claim on which relief can be granted. Specifically, defense counsel contends that plaintiffs have failed to allege any specific facts involving defendant that would constitute a violation of the FCRA. Moreover, counsel for defendant argues that plaintiffs cannot allege such facts because the alleged violations of the FCRA stem from plaintiffs' 2005 home loan and defendant Reconstruct Company, N.A. was not a party to that loan transaction. (Def.'s MTD (Doc. No. 17) at 25-26.) Defendant's arguments are persuasive.

Congress enacted the FCRA "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 52 (2007). The FCRA requires consumer reporting agencies to "adopt reasonable procedures for meeting the needs of commerce for consumer credit . . ." 15 U.S.C. § 1681(b). A consumer reporting agency ("CRA") is one that "regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties . . . ." 15 U.S.C. § 1681a(f). As the Ninth Circuit has recognized:

> [T]o ensure that credit reports are accurate, the FCRA imposes some duties on the sources that provide credit information to CRAs, called "furnishers" in the statute. Section 1681s-2 sets forth responsibilities of furnishers of information to consumer reporting agencies delineating two categories of responsibilities. Subsection (a) details the duty to provide accurate information, and includes the following duty:
>
> (3) Duty to provide notice of dispute

---

GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1547 n.7 (9th Cir. 1994); see also Vess v. Ciba–Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003); Fecht v. Price Co., 70 F.3d 1078, 1082 (9th Cir. 1995). Likewise, "[u]nder California law, the 'indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages.'" Vess v. Ciba–Geigy Corp. USA, 317 F.3d 1097, 1105 (9th Cir. 2003) (quoting Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir. 1996)). Here, plaintiffs have failed to plead the minimum facts required under Rule 9(b).

> If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.
>
> § 1681s-2(a)(3).
>
> Section 1681s-2(b) imposes a second category of duties on furnishers of information.  These obligations are triggered upon notice of dispute-that is, when a person who furnished information to a CRA receives notice from the CRA that the consumer disputes the information. []  Subsection 1681s-2(b) provides that, after receiving a notice of dispute, the furnisher shall:
>
> > (A) conduct an investigation with respect to the disputed information;
> >
> > (B) review all relevant information provided by the [CRA] pursuant to section 1681i(a)(2) ...;
> >
> > (C) report the results of the investigation to the [CRA];
> >
> > (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other [CRAs] to which the person furnished the information ...; and
> >
> > (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1) ... (i) modify ... (ii) delete[or] (iii) permanently block the reporting of that item of information [to the CRAs].
>
> § 1681s-2(b)(1).  These duties arise only after the furnisher receives notice of dispute from a CRA; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b).

Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1153-54 (9th Cir. 2009).  The FCRA also limits the disclosure of "investigative consumer reports."  See 15 U.S.C. § 1681d.

Analysis of plaintiffs' complaint is complicated by their failure, discussed above, to state the element of their FCRA claim both plainly and succinctly or to allege with any degree of particularity the specific acts allegedly engaged in that would support such a claim.

Nonetheless, it is apparent that plaintiffs have not alleged that defendant Reconstruct Company, N.A. is a consumer reporting agency, that defendant furnished information about plaintiffs to a consumer reporting agency, or even that any furnisher of information received a notice of dispute from a CRA.  Nor have plaintiffs alleged any facts relating to the disclosure of an investigative consumer report.

Plaintiffs do, however, allege that the violations of the FCRA occurred "in the course and conduct of offering and making" their 2005 home loan.  (Compl. (Doc. No. 1) at 35.)  Any such claim would appear to be time-barred, since the FCRA requires that a plaintiff plead violations of the statute "not later than the earlier" of two years "after the date of discovery" by plaintiff of the violation, or within five years of the date "on which the violation that is the basis for such liability occurs."  15 U.S.C. § 1681p.  Plaintiff's did not file this action regarding their May of 2005 home loan until June 1, 2011.

Accordingly, for the reasons stated above, plaintiffs FCRA claim should be dismissed for failure to state a claim upon which relief can be granted.  See Zirelli v. BAC Home Loan Servicing, L.P., No. 2:11-cv-00305-GEB-DAD, 2011 WL 6100442, at *4 (E.D. Cal. Dec. 7, 2011) (dismissing FCRA claim where plaintiff failed to "allege that he disputed any negative information with a CRA or that notice of such dispute was provided to any Defendant."); Clark v. FLA Card Services, N.A., No. C 09-5240 SBA, 2010 WL 2232161, at *3 (N.D. Cal. June 3, 2010) (dismissing FCRA claim where there were no allegations in the complaint that plaintiff "disputed any charges with any credit reporting bureau or that notice of such dispute was provided"); Permpoon v. Wells Fargo Bank Nat. Ass'n, No. 09-CV-01140-H (BLM), 2009 WL 3214321, at *11 (S.D. Cal. Sept. 29, 2009) (dismissing FCRA claim where complaint failed to allege that defendant "was involved in the loan origination and therefore had a duty to provide the alleged documents" and where plaintiff did not "identify who failed to provide the alleged documents.").

/////

CONCLUSION

For the reasons explained above, plaintiffs' sole claim for relief based upon an alleged violation of federal law should be dismissed for failure to state a claim upon which relief may be granted. The undersigned has carefully considered whether plaintiffs could file an amended complaint that states a cognizable federal claim that would not be subject to dismissal. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that, while leave to amend shall be freely given, the court does not have to allow futile amendments). In light of obvious deficiencies noted above, the undersigned finds that it would be futile to grant plaintiffs leave to amend.

If these findings and recommendations are adopted, only plaintiffs' claims based on alleged violation of state law will remain. A district court may decline to exercise supplemental jurisdiction over state law claims if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). The court's discretion to decline jurisdiction over state law claims is informed by the values of judicial economy, fairness, convenience, and comity. Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc). In addition, "[t]he Supreme Court has stated, and [the Ninth Circuit] ha[s] often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" Acri, 114 F.3d at 1001 (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988)). See also Satey v. JP Morgan Chase & Co., 521 F.3d 1087, 1091 (9th Cir. 2008) (recognizing this principle but noting that dismissal of the remaining state law claims is not mandatory).

Here, eight of the nine causes of action alleged in plaintiffs' complaint are based on alleged violations of state law. Those include state law causes of action for breach of

fiduciary duty, breach of the implied covenant of good faith and fair dealing, intentional infliction of emotional distress, fraud, conversion, negligence, unjust enrichment and conspiracy. (Compl. (Doc. No. 1) at 26-40.)  Of course, "primary responsibility for developing and applying state law rests with the state courts." Curiel v. Barclays Capital Real Estate Inc., Civ. No. S-09-3074 FCD/KJM, 2010 WL 729499, at *1 (E.D. Cal. Mar. 2, 2010).  Here, as in the usual case, consideration of judicial economy, fairness, convenience, and comity all point toward declining to exercise supplemental jurisdiction.  Therefore, the undersigned will also recommend that the assigned district judge decline to exercise supplemental jurisdiction over plaintiffs' various state law claims and that they be dismissed without prejudice under 28 U.S.C. § 1367(c)(3).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's July 18, 2011 motion to strike (Doc. No. 16) be denied as moot;

2. Defendant's July 18, 2011 motion to dismiss (Doc. No. 17) be granted in part;

3. Plaintiffs' claim based on alleged violation of the FCRA (15 U.S.C. § 1681 et seq.) be dismissed with prejudice;

4. The court decline to exercise supplemental jurisdiction over plaintiffs' state law claims;

5. Plaintiff's state law claims be dismissed without prejudice under 28 U.S.C. § 1367(c)(3); and

6. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are

/////

1  advised that failure to file objections within the specified time may waive the right to appeal the
2  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: February 10, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
orders.pro se/pavey1477.mtd