IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN M. PAVEY, JANELLE R. PAVEY,<br><br>        Plaintiffs,<br><br>    v.<br><br>RECONTRUST COMPANY, N.A.; and Does 1-10,<br><br>        Defendants. | 2:11-cv-01477-GEB-DAD<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION[*] |

An Order was filed on March 5, 2012 ("Dismissal Order"), which adopted the Magistrate Judge's February 13, 2012 Findings and Recommendations in part and dismissed Plaintiffs' Federal Credit Reporting Act claim with prejudice and dismissed Plaintiffs' state claims without prejudice under 28 U.S.C. § 1367(c)(3). (ECF No. 28.) Judgement was entered accordingly on the same day. (ECF No. 29.)

Plaintiffs, appearing pro se, filed a Motion for Reconsideration on May 19, 2012, in which they seek "an order rescinding

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

1  it [sic] dismissal of Plaintiff[s'] action with prejudice." (Pls.' Mot.
2  for Reconsideration  11:4, ECF No. 36.)
3          Since Plaintiffs' motion was filed more than twenty-eight days
4  after entry of judgment, "it is treated as a motion for relief from
5  judgment or order[,]" under Federal Rule of Civil Procedure 60(b). <u>Am.
6  Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.</u>, 248 F.3d 892, 898-99
7  (9th Cir. 2001)(applying Rule 59(e)'s ten day deadline before its 2009
8  amendment to twenty-eight days)(citation omitted).

>   The moving party under Rule 60(b) is entitled
>   to relief from judgment for the following reasons:
>   (1) mistake, inadvertence, surprise, or excusable
>   neglect; (2) newly discovered evidence; (3) fraud,
>   misrepresentation, or other misconduct of an
>   adverse party; (4) the judgment is void; (5) the
>   judgment has been satisfied, released, or
>   discharged; or (6) any other reason justifying
>   relief from the operation of the judgment.

14 <u>Id.</u> at 899 (citing Fed. R. Civ. Proc. 60(b)).
15         "Given the lack of any specific citation by plaintiff[s], the
16 Court assumes plaintiff[s] [are] basing [their] motion on Rule
17 60(b)(6)." <u>Williams v. Horel</u>, No. C 09-5314 MMC (PR), 2012 WL 1965748,
18 at *1 (N.D. Cal. May 31, 2012); <u>accord</u> <u>In re Lebbos</u>, No. CIV. S-09-1252
19 LKK, 2010 WL 5060646, at *1 (E.D. Cal. Dec. 3, 2010). "Rule 60(b)(6)
20 [is] used sparingly as an equitable remedy to prevent manifest
21 injustice. The rule is to be utilized only [under] extraordinary
22 circumstances[.]" <u>United States v. Alpine Land & Reservoir Co.</u>, 984 F.2d
23 1047, 1049(9th Cir. 1993). "A party seeking reconsideration must show
24 more than a disagreement with the Court's decision[.]" <u>Smith v. Bd. of
25 Prison Term Personnel</u>, No. 1:06-cv-01434-LJO-NEW (DLB) PC, 2007 WL
26 2753078, at *1 (E.D. Cal. Sept. 21, 2007).

1  Plaintiffs "ha[ve] not demonstrated any extraordinary
2 circumstances such as would warrant reconsideration of this court's
3 [Dismissal Order]." <u>In re Lebbos</u>, 2010 WL 5060646, at * 1. Therefore,
4 Plaintiffs' reconsideration motion is denied.

Dated: August 6, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge